**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID J. LACHANCE,
              Appellant,

       v.

DEPARTMENT OF THE INTERIOR,
            Agency.

DOCKET NUMBER
CH-1221-14-0284-W-1

DATE: August 19, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David J. Lachance, Milwaukee, Wisconsin, pro se.

Wayne A. Babcock, Esquire, Pittsburgh, Pennsylvania, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant worked as a GS-12 Geologist at the Bureau of Land Management (BLM).  Initial Appeal File (IAF), Tab 1 at 1, Tab 3, Subtab 4 at 1. On an unknown date prior to August 27, 2013, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency had retaliated against him for disclosing agency fraud committed against two energy companies and an Ohio "farm couple" when it:  (1) significantly changed his duties; (2) placed him on a fixed work schedule; (3) suspended him and placed him on administrative leave; (4) charged him as being absent without leave; (5) logged into his computer system, backdated emails, and sent them from his account; (6) subjected him to a hostile work environment; and (7) issued him a notice of proposed removal.[2]  IAF, Tab 1 at 4-15.  On December 2, 2013, OSC made a final determination not to pursue the appellant's complaint.  *Id*.

---

[2] The agency subsequently upheld the removal, effective March 7, 2014.  Petition for Review (PFR) File, Tab 1 at 7.  The appellant retired 1 day prior to the effective date of the removal action, and then appealed the removal on the ground that he was coerced into retirement by the agency.  *Id*.; MSPB Docket No. CH-0752-14-0440-I-1, Initial

¶3    On February 4, 2014, the appellant filed an IRA appeal seeking corrective action with the Board. IAF, Tab 1. The administrative judge issued an order on jurisdiction and proof requirements, advising the appellant of his burden to establish Board jurisdiction over his IRA appeal; namely, that he must make nonfrivolous allegations that he had exhausted his OSC remedies, that he had made a protected disclosure, and that the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. IAF, Tab 3 at 1-6. The appellant did not respond to the order on jurisdiction because, he explains, he did not see the order when it was emailed to him on February 7, 2014.[3] PFR File, Tab 1 at 3.

¶4    Without holding the requested hearing, the administrative judge dismissed the IRA appeal for lack of jurisdiction on the grounds that the appellant failed to show that he had exhausted his OSC remedy or made a protected disclosure. IAF, Tab 5, Initial Decision (ID) at 4-5.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The appellant timely filed a petition for review of the initial decision, and the agency timely responded. PFR File, Tabs 1, 7. On review, the appellant does not identify any specific errors in the administrative judge's jurisdictional findings, *see id.*, but avers that he provided OSC and the administrative judge with "indisputable evidence" that he made protected disclosures under the Whistleblower Protection Act, *id.* at 5. Nonetheless, the applicable law and the record evidence support the administrative judge's findings that the appellant

Decision at 1 (July 21, 2014). The administrative judge dismissed the appeal without prejudice to refile pending a final decision on the instant petition for review. *Id*. at 2-3.

[3] The appellant is a registered e-filer. IAF, Tab 1 at 2. As such, he is deemed to have received the administrative judge's orders on the date of electronic submission. *See* 5 C.F.R. § 1201.14(m)(2); *Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 6 (2013). Further, as an e-filer, the appellant was responsible for monitoring his case activity at the Repository at e-Appeal Online to ensure that he received all of the case-related documents. *See* 5 C.F.R. § 1201.14(j)(3); *Mills*, 119 M.S.P.R. 482, ¶ 6.

failed to make nonfrivolous allegations necessary to establish Board jurisdiction over this IRA appeal.

¶6    To establish Board jurisdiction over an IRA appeal, the appellant must show that he exhausted his administrative remedies before OSC and make nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

The appellant did not nonfrivolously allege that he exhausted his administrative remedies before OSC.

¶7    The administrative judge found that the appellant failed to show that he exhausted his OSC remedy regarding a disclosure of fraud.  ID at 5.  On review, the appellant states that he provided the OSC "rejection letter" with his MSPB appeal and that he could provide more if "deemed warranted by the MSPB." PFR File, Tab 1 at 2-4.  However, the appellant did not submit any additional documents with his petition for review.  *See id.*

¶8    Pursuant to 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board. *Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1377 (Fed. Cir. 2001).  The Board may consider only those charges of whistleblowing that the appellant raised before OSC.  *Boechler v. Department of Interior*, 109 M.S.P.R. 638, ¶ 6 (2008), *aff'd*, 328 F.'Appx 660 (2009).  Proof of exhaustion before OSC need not be in the form of the appellant's complaint to OSC.  *Id.*  To satisfy the exhaustion requirement, an appellant must inform OSC of the precise ground of his charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation which might lead to corrective action.  *Id.*

¶9    As the only evidence of exhaustion, the appellant has provided:  (1) a document containing the copied text of OSC's December 2, 2013 final determination letter, with his typed responses after each of OSC's findings,  IAF,

Tab 1 at 4-14; and (2) OSC's December 2, 2013 notice of right to seek corrective action from the MSPB, *id.* at 15. The extent of the information in these letters regarding the appellant's actual disclosures is OSC's statement: "You alleged that agency officials retaliated against you after you disclosed fraud committed against Merit Energy Company, Ohio Valley Energy and a farm couple in Ohio who bought an uneconomical gas well on their land." *Id.*

¶10    The appellant's submissions do not convey the specific subject matter of his disclosures or describe the particular nature of the alleged fraud. *See id.* The Board has held that, where an appellant has made only bare allegations of wrongdoing in his OSC complaint, he has failed to give sufficient details putting OSC on notice of the specific violations he alleged and has not exhausted his OSC remedy. *Langer v. Department of the Treasury*, [265 F.3d 1259](#), 1268 (Fed. Cir. 2001). Accordingly, we agree with the administrative judge that the appellant's submissions are insufficient to show that he exhausted his administrative remedies, and the Board lacks jurisdiction over his IRA appeal.

The appellant did not nonfrivolously allege that he made protected disclosures.

¶11    The administrative judge also determined that the appellant's conclusory allegations that he disclosed fraud against two energy companies and an Ohio farm couple were insufficient to constitute a nonfrivolous allegation that he made protected disclosures. ID at 4. On review, the appellant appears to argue that the criminal investigation by the BLM Special Investigation Group proves that he made a qualifying disclosure because "such criminal investigations are not carried out unless there is clear and convincing evidence that an investigation is warranted . . . " PFR File, Tab 1 at 5. He states that he reasonably believed that the agency's actions constituted a violation of law and an abuse of authority based on his experience implementing the relevant laws and regulations for over 38 years. *Id.* He further asserts that he provided the names and contact information for the head of the Special Investigation Group and other "highly

relevant" individuals, but no one from OSC or the Board called them to discuss the information he provided. *Id.*

¶12     Disclosures protected by 5 U.S.C. § 2302(b)(8) include any disclosure that the employee reasonably believes evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. *Christensen v. Department of Justice*, 82 M.S.P.R. 430, ¶ 10 (1999). The disclosures must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters. *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 10 (1999). Conclusory, vague, or unsupported allegations are insufficient to qualify as nonfrivolous allegations of IRA jurisdiction. *McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 7 (2008).

¶13     In this case, the extent of the information provided by the appellant concerning his protected disclosures is that he reported fraud committed by the agency and his supervisor against two energy companies and an Ohio farm couple, who bought an uneconomical gas well on their land, to the BLM Special Investigation Group and Inspector General. *See* PFR File, Tab 1; IAF, Tab 1 at 4-15. These allegations are conclusory and vague, and are insufficient to support Board jurisdiction.

¶14     Lastly, the appellant's suggestion that the administrative judge should have contacted various individuals to obtain information relevant to his appeal is misplaced. The parties, not the administrative judge, have the affirmative responsibility to present relevant evidence and argument. *Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 20 n.2 (2002).

¶15     We agree with the administrative judge that the appellant has failed to provide sufficient information regarding his alleged protected disclosures to constitute a nonfrivolous allegation of Board jurisdiction.

**CONCLUSION**

¶16     As set forth above, we agree with the administrative judge that the appellant failed to nonfrivolously allege that he exhausted his OSC remedies or that he made a protected disclosure under 5 U.S.C. § 2302(b)(8). Either of these findings standing alone is sufficient to warrant dismissal for lack of jurisdiction. Thus, the appellant has provided no basis upon which to disturb the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not

both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.